**Dated: June 21, 2006**
**The following is ORDERED:**

*Tom R. Cornish*
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**CARNELIOUS J. LAWSON**  Case No. 05-75868
**and PHILLIS KAY LAWSON**  Chapter 7

Debtors.

### O R D E R

On the 26th day of April, 2006, the Trustee's Objection to Claim of Exemptions Under Amended Schedule C Filed January 13, 2006, Response to Trustee's Objection to Claim of Exemptions Under Amended Schedule C Filed January 13, 2006, filed by Rural Enterprises of Oklahoma, Inc. ("REI"), and Debtors' Response to Trustee's Objection to Claim of Exemptions Under Amended Schedule C Filed January 13, 2006, came on for evidentiary hearing. Appearances were entered by Carol Wood Mitchell, Chapter 7 Trustee, Amy Evans, Attorney for REI, and Teddy Abbott, Attorney for Debtors. The Trustee and the Debtors filed supporting briefs on May 15, 2006. After reviewing the testimony, evidence and the briefs, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052,

Fed. R. Bankr. P., in this core proceeding.

Debtors filed for relief under Chapter 7 of the Bankruptcy Code on October 14, 2005. The Meeting of Creditors was held on November 9, 2005, where Debtors admitted under oath to omitting certain property. Rule 2004 examinations were conducted on January 4, 2006, and Debtors provided additional details concerning the omitted properties. Debtors filed Amended Schedules on January 13, 2006, including an Amended Schedule C. The Trustee filed the Objection to Claim of Exemptions on February 9, 2006. The Trustee objects to the claimed exemptions in the following property listed in the Debtors' Amended Schedule C, filed January 13, 2006: (1) homestead; (2) 96 guns; (3) household goods in excess of $750; (4) diamond rings; (5) 4-wheeler; and (6) oil and gas interests.

In its Response to the Trustee's Objection, REI states that it does not oppose the Objection, but does claim an interest in the guns at issue.

A party objecting to a claim of exemption bears the burden of proving that the exemptions are not properly claimed. Fed. R. Bankr. P. 4003. Initially, the Trustee bears the burden of production and persuasion, and if the Trustee produces evidence to rebut the exemption, the burden shifts to the Debtors to demonstrate with evidence that the exemption is proper. *Hodes v. Jenkins (In re Hodes),* 308 B.R. 61, 66 (10th Cir. BAP 2004). It has long been established in Oklahoma that exemption statutes are to be liberally construed. *State v. Brown,* 218 P. 816, 819 (Okla. 1923).

Homestead:

The Trustee objects to the claimed homestead exemption, and presented evidence that the total square footage of the property exceeds one acre. Under Oklahoma law, a person's homestead that lies within a city or town shall not exceed one acre of land. Okla. Stat. Ann. tit. 31, § 2 (West Supp. 2006).

2

In their Brief, Debtors acknowledge that the exemption should be denied. Therefore, this Court finds that the Trustee's Objection as to the homestead exemption should be granted.

Guns:

The Trustee objects to the claimed exemption in 96 guns. The Trustee argues that the guns are held by the Debtors for investment and business purposes, thus falling outside the statutory qualifications for exemption. The Trustee also argues that the value of the guns exceeds the $2,000.00 statutory limit, and that the Debtors' initially omitted the guns from their schedules in an attempt to conceal assets.

Title 31, Section 1(A)(14) of the Oklahoma Statutes provides for an exemption in guns,

> not to exceed Two Thousand Dollars ($2,000.00) in aggregate value, that are held primarily for the personal, family or household use of such person or a dependent of such person, provided that nothing in this subsection shall be construed to allow a person to exempt guns which are used mainly as an investment or nonpersonal, family or household use.

Okla. Stat. Ann. tit 31, § 1(A)(14) (West Supp. 2006).

This Court heard the testimony of an auctioneer, Louis M. Dakil, regarding the value of the guns. Mr. Dakil has been an auctioneer for the past 23 years. Mr. Dakil examined photographs of the guns and determined their aggregate value to be at least $30,000.00.

Mr. Lawson also testified and stated that some of the guns are held for investment purposes. Mr. Lawson also stated that he uses some of the guns professionally as a "bounty hunter". Debtors did not offer any testimony or evidence showing that any of the guns are held primarily for household use.

This Court finds that the guns are held primarily for investment and business purposes, and therefore are not exempt under Okla. Stat. Ann. tit 31, § 1(A)(14). Therefore, the Trustee's Objection to the claim of exemption in 96 guns should be granted.

3

Bad Faith:

The Trustee asserts that the Debtors have acted in bad faith in attempting to conceal certain assets, including the guns. The Trustee argues that after her investigations and the Meeting of Creditors and the 2004 Examinations, Debtors reluctantly disclosed their ownership of certain assets. A court may disallow an exemption when a debtor acts in bad faith in attempting to conceal an asset. *See Hardage v. Herring Nat. Bank,* 837 F.2d 1319, 1324 (5th Cir. 1988).

Mr. Lawson testified that he and his wife heavily relied on their former attorney to prepare the pleadings necessary for filing bankruptcy, including their schedules. In reviewing the testimony and evidence, this Court cannot find that the Debtors acted in bad faith, and therefore will not deny any claimed exemption based on bad faith.

Household Goods:

The Trustee objects to the Debtors' claimed exemption in household goods insofar as the Debtors seek to increase the exemption value from $750.00 to $8,500.00 in their Amended Schedule C. Trustee asserts that the only explanation for the increase in value of household goods must be that the initial value was grossly understated. Trustee states that the specific items which make up the $8,500.00 value have not been provided, and that the value is on the high side for this district.

The Trustee did not examine Mr. Lawson at the evidentiary hearing regarding the household goods. There is a brief mention of household goods in the transcript from Mr. Lawson's Rule 2004 Examination. This Court finds that the Trustee failed to prove that the Debtors' have improperly claimed exemptions in household goods valued at $8,500.00. As a result, the Objection to the exemption in household goods must be denied at this time. However, this Court does believe the Trustee should have the opportunity to

4

examine a list of the items comprising the claim of exemption in household goods. Debtors shall therefore amend their Schedule C and provide a detailed list of the items they are claiming exempt as household goods. This amendment shall be filed with the Court within ten (10) days from the entry of this Order.

Jewelry:

Trustee objects to the Debtors' claimed exemption in their diamond wedding rings and miscellaneous costume jewelry. Trustee argues that the Debtors have not provided adequate descriptions of the jewelry. Trustee contends that the Debtors' withholding of information and their insufficient descriptions justify the denial of their claims of exemption in the jewelry. Oklahoma law provides for an exemption of a "person's interest, not to exceed Three Thousand Dollars ($3,000.00) in aggregate value, in wedding and anniversary rings." Okla. Stat. Ann. tit. 31, § 1(A)(8) (West Supp. 2006).

Mr. Dakil examined some of the jewelry prior to the evidentiary hearing, and stated that he could not determine the value of the jewelry. Mr. Lawson testified that he purchased Mrs. Lawson's initial wedding ring thirty years ago for approximately $1,000.00, and later added some baguette diamonds for about $1,200 to $1,500.

The Trustee had the opportunity to inquire about the specific qualities of the jewelry when examining Mr. Lawson. Mr. Dakil could not place a value on the jewelry after examination, and no other evidence was offered regarding the jewelry. This Court finds that the Trustee failed to prove that the Debtors' have improperly claimed exemptions in their wedding and anniversary jewelry. The costume jewelry, however, does not fall under the language of Title 31, Section 8 of the Oklahoma Statutes, and therefore the Objection to exemption of the costume jewelry should be granted.

4-Wheeler:

5

Trustee objects to the claim of exemption in a Honda 300CC 4-Wheeler. Trustee argues that there is no lawful basis for the Debtors' claim of exemption in the 4-Wheeler. Trustee also argues that the 4-Wheeler is not necessary in the Debtor's work as a surety bondsman, and that there is no ground for the exemption. This Court agrees with the Trustee, and finds that the Objection as to the exemption in the Honda 4-Wheeler should be granted.

<u>Oil and Gas Interests</u>:

Trustee objects to the Debtors' claimed exemption in oil and gas interests, stating that there is no lawful basis for this claim of exemption. Trustee also notes that no information concerning the oil and gas interests has been provided to the Trustee. Trustee submits that no statutory authority for the exemption of such interests exists. Trustee also requests a complete description of the interests and three years of production information as well as post-petition proceeds attributable to the oil and gas interests. This Court agrees with the Trustee. Therefore, this Court finds that the Trustee's Objection as to the exemption in the oil and gas interests, including the Trustee's request for information and post-petition proceeds, should be granted.

IT IS THEREFORE ORDERED that the Trustee's Objection to Claim of Exemptions Under Amended Schedule C Filed January 13, 2006, is **granted in part and denied in part**, as set forth above.

IT IS FURTHER ORDERED that the Debtors shall file the appropriate Amended Schedules in accordance with this Order on or before **June 26, 2006.**

###

6

Case 05-75868    Doc 116    Filed 06/21/06    Entered 07/27/06 08:14:16    Desc Main
Document    Page 6 of 6